NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3247

JOHN M. DEMAGGIO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

_____

DECIDED: December 7, 2006

_____

Before LINN, Circuit Judge, FRIEDMAN and PLAGER, Senior Circuit Judges.

PER CURIAM.

John M. DeMaggio ("DeMaggio") seeks review of an initial decision of the Merit Systems Protection Board ("Board"), which became final when no petition for review was filed, dismissing his appeal for lack of jurisdiction. DeMaggio v. U.S. Postal Serv., No. DC-0752-05-0646-I-1 (M.S.P.B. Mar. 23, 2006) ("Initial Decision"). Because substantial evidence supports the Board's conclusion that DeMaggio's retirement was voluntary, and thus that the Board lacked jurisdiction, we affirm.

BACKGROUND[1]

DeMaggio was a Supervisory Criminal Investigator for the United States Postal Service in Arlington, Virginia ("the agency"). In December 2002, as part of a reorganization plan within the agency, DeMaggio was selected for a position as Director of Investigations of the Field Office in Dallas, Texas. DeMaggio accepted, but before he reported for duty in Dallas, he was recalled to active duty in the Navy. Upon his return to the Postal Service in July 2004, his supervisor informed him that his duty station was in Dallas, but that if he retired by October 1, 2004, his supervisor would cancel the reassignment. Without signing a written agreement to that effect, DeMaggio retired, effective October 1, 2004.

On January 13, 2005, DeMaggio filed an Equal Employment Opportunity ("EEO") complaint. In it, he alleged that by forcing him to choose to report to Dallas or retire, the agency discriminated against him on the basis of age. He also alleged retaliation for refusing the agency's earlier reassignment and downgrade proposals, for reporting alleged "fraud, waste, and abuse" to the office of Senator Charles Grassley, and for prior EEO activity. This complaint was dismissed for untimeliness and, alternatively, for failure of proof.

DeMaggio then appealed to the Board. He alleged that the agency forced him to retire in retaliation for his whistleblowing and EEO activity and that his forced retirement violated the Uniformed Services Employment and Reemployment Rights Act. The Board excused the untimeliness of this appeal for good cause shown, but it dismissed

---

[1]     All facts are as described in the initial decision of the Board. Initial Decision, slip op. at 1–5. Although DeMaggio challenges a number of the factual findings, the facts as stated here—though not their import—appear to be uncontested.

the appeal for lack of jurisdiction because DeMaggio had failed to demonstrate by a preponderance of the evidence that his retirement was involuntary.

DeMaggio appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Although "we review the Board's legal conclusion regarding the scope of its own jurisdiction for correctness and without deference to the Board's determination," we are bound by the administrative judge's factual findings "unless those findings are not supported by substantial evidence." Bolton v. MSPB, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

In order for the Board to possess jurisdiction over DeMaggio's appeal, DeMaggio must show by a preponderance of the evidence that his retirement was "involuntary." Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328, 1344 (Fed. Cir. 2006) (en banc). As the Board correctly recognized, to establish involuntariness, DeMaggio must show that "(1) the agency effectively imposed the terms of [his] . . . retirement; (2) [he] had no realistic alternative but to resign or retire; and (3) [his] . . . retirement was the result of improper acts by the agency." Id. at 1329 (quoting Shoaf v. Dep't of Agric., 260 F.3d 1336, 1341 (Fed. Cir. 2001)). "The Board has also found retirements or resignations to be involuntary based on coercion when the agency has taken steps against an employee, not for any legitimate agency purpose but simply to force the employee to quit." Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996).

DeMaggio's retirement was not involuntary under the standard we enunciated in Shoaf, because he did have a "realistic alternative": he could have accepted the reassignment and moved to Dallas. Agencies have broad discretion to reassign their

employees, even where the reassignment requires the employee to move. See Frey v. Dep't of Labor, 359 F.3d 1355, 1360 (Fed. Cir. 2004). However, because DeMaggio alleges that the reassignment was intended to coerce his retirement, the agency must show that the reassignment "was a bona fide determination based on legitimate management considerations in the interest of the service." Id.

The Board concluded that the agency had met its burden, see Initial Decision, slip op. at 14–19, and we see no error in its conclusion. The Board found, on the basis of several witnesses' testimony, that DeMaggio's reassignment was part of a broader reorganization that furthered various legitimate managerial goals, including reducing the number of supervisors who were located far from the employees they supervised. Id., slip op. at 14. The Board further found, on the basis of the dates of both DeMaggio's and the agency's evidence, that the reorganization predated any of DeMaggio's EEO or whistleblowing activity, and thus could not have constituted retaliation for it. Id., slip op. at 17.

DeMaggio responds that he has put forward substantial evidence that the agency had fabricated its evidence. E.g., Reply Br. for Petitioner at 8. That is not the inquiry. The Board, as the finder of fact, is free to credit or discredit testimony on either side, so long as its ultimate conclusion is supported by substantial evidence; we cannot and will not disturb its findings just because contrary findings might also be supportable.

The decision of the Board must be affirmed.